**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**WILLIAM P. CONSIDINE III**
**Plaintiff,**

**V.**

**BLUE CROSS & BLUE SHIELD**
**OF RHODE ISLAND**
**Defendant.**

CA 08 190

**Case No.:**

## COMPLAINT FOR BENEFITS

Now comes the Plaintiff William P. Considine III and his Complaint alleges:

## GENERAL ALLEGATIONS

1. Plaintiff William P. Considine III (hereinafter "Plaintiff") is an individual residing in the Town of Narragansett, County of Washington in the State of Rhode Island.

2. Defendant Blue Cross & Blue Shield of Rhode Island (hereinafter "Defendant") is a Rhode Island corporation with a principal place of business in the City and County of Providence in the State of Rhode Island. Defendant does business in this judicial District and may be found in this District.

3. This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1000-1461 over which this Court possesses original jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1131.

4. Venue is proper in this District in that the Defendant is found here and the acts complained of occurred in this District.

## COMMON FACTUAL ALLEGATIONS

5. Plaintiff was employed by Wayne Distributing Co. (hereinafter "Wayne"), a Rhode Island business corporation, located at 45 Sharpe Drive in the City of Cranston, County of Providence and State of Rhode Island.

6. At all times material to this action Wayne, through Defendant, Blue Cross and Blue Shield of Rhode Island, provided group health insurance coverage to its employees through Wayne Group Health Plan Summary Plan Description ("SPD"), titled "Healthmate Coast to Coast Subscriber Agreement" (HMC2C-SA-[01/06]). (Exhibit "A").

7. The group health plan coverage Wayne issued to its employees was part of an employee welfare benefit plan (hereinafter referred to as the "Wayne Blue Cross Group Health Plan") within the meaning of 29 U.S.C. §§ 1002(1) and (3).

8. Plaintiff was issued health insurance under the Wayne Blue Cross Group Health Plan, Member ID 125516639901-4.

9. Upon being issued his policy, Defendant distributed Exhibit A to Plaintiff.

10. At all times material to this action, Plaintiff was a participant of the Wayne Blue Cross Group Health Plan within the meaning of 29 U.S.C. § 1002(7).

11. In 2006, Plaintiff began having medical problems and was required to enter a residential treatment facility, Sierra Tucson, in Tucson, Arizona. Among other problems, Plaintiff was suffering from Tourette's Syndrome and bipolar disorder.

12. As a result of these medical problems, Plaintiff was entitled to medical benefits reimbursement under the terms of the Wayne Blue Cross Group Health Plan and made a request for reimbursement for the cost of his residential treatment.

13. On September 13, 2006, Defendant sent Plaintiff a letter denying Plaintiff's claim for health care benefits reimbursement (Exhibit "B")(although a determination was made through an external appellate determination by Maximus Center stating that the care he received from Sierra Tucson was "medically necessary for treatment of this condition."(Exhibits "C" & "D".)

14. The Defendant abused its discretion and wrongfully denied Plaintiff coverage for medical cost reimbursement.

15. Plaintiff exhausted all Defendant's internal policies, appellate procedures and his requesting a judicial determination under 502(a) of ERISA.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Recovery of Plan Benefits, 29 U.S.C. § 1132(a)(1)(B)**

16. Plaintiff incorporates Paragraphs 1 through 15 herein and makes them a part hereof.

17. This is a claim to recover benefits under 29 U.S.C. § 1132(a)(1)(B).

18. Pursuant to Section § 1132(a)(1)(B), Plaintiff, as a participant of the Wayne Blue Cross Group Health Plan, is entitled to sue for a judicial determination and enforcement of benefits.

19. Defendant improperly abused its discretion and denied Plaintiff's health plan reimbursement benefits to which he was entitled to under the terms of the Wayne Blue Cross Group Health Plan, in contravention of the Blue Cross Group Health Plan and ERISA and failed to follow the decision of the external appellate determination as contained in Exhibit "C".

20. The Defendant should be estopped from denying proper reimbursement for the cost of medical care pursuant to the terms of R.I.G.L. 23 § 12-10, 1999.

**SECOND CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty)**

21. Plaintiff incorporates Paragraphs 1 through 20 herein and makes them a part hereof.

22. Defendant owed a fiduciary duty in its relationship with the Plaintiff and breached same by arbitrarily denying the Plaintiff reimbursement benefits under the terms of the Wayne Blue Cross Group Health Plan and ERISA.

WHEREFORE, Plaintiff requests the entry of judgment against Defendant for damages including, but not limited to, past due contractual benefits, future benefits, attorney's fees pursuant to 29 U.S.C. § 1132 (g)(1), costs incurred in bringing this action and for such other relief as this Honorable Court deems equitable, just and proper.

Plaintiff, William P. Considine III
by his attorney,

James J. McGair, #0822
128 Dorrance Street, Suite 350
Providence, RI 02903
(401) 861-1717 (telephone)
(401) 331-1518 (facsimile)
jmcgair@hotmail.com (email)

May 19, 2008