**UNITED STATES DISTRICT COURT**
**FEDERAL DISTRICT OF RHODE ISLAND**

**WILLIAM P. CONSIDINE III**
**Plaintiff,**

**v.** **C.A. No. 08-190**

**BLUE CROSS & BLUE SHIELD**
**OF RHODE ISLAND,**
**Defendant.**

**ANSWER**

Now comes Blue Cross & Blue Shield of Rhode Island ("Defendant") and hereby responds to Plaintiff's Complaint as follows:

**GENERAL ALLEGATIONS**

1. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.
2. Defendant admits the allegations contained in paragraph 2 of the Complaint, and in answering further states that Defendant is an *independent* licensee of the Blue Cross and Blue Shield Association, as well as a nonprofit hospital and medical service corporation.
3. No response is required to the allegations set forth in paragraph 3 of the Complaint as they are conclusions of law; however, to the extent that a response is deemed to be required, Defendant denies the allegations.

4. No response is required to the allegation set forth in paragraph 4 of the Complaint as it is a conclusion of law; however, to the extent that a response is deemed to be required, Defendant denies the allegation.

**COMMON FACTUAL ALLEGATIONS**

5. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint, to the extent that Defendant has an agreement with Wayne Distributing Company whereby their employees may enroll in Defendant's insurance products.

7. No response is required to the allegations set forth in paragraph 7 of the Complaint as they are conclusions of law; however, to the extent that a response is deemed to be required, Defendant denies the allegations.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. No response is required to the allegation set forth in paragraph 10 of the Complaint as it is a conclusion of law; however, to the extent that a response is deemed to be required, Defendant denies the allegation.

11. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint, to the extent that Plaintiff made a request for reimbursement for the cost of his residential treatment. Defendant denies the remaining allegations.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint, to the extent that Defendant sent a letter denying additional payments towards Plaintiff's claim for health care benefits reimbursement. Defendant denies the remaining allegations.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint, to the extent that Plaintiff has exhausted all of Defendant's internal appellate procedures. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations.

**FIRST CLAIM FOR RELIEF**
**(Recovery of Plan Benefits, 29 U.S.C. §1132(a)(1)(B)**

16. Defendant incorporates by reference its responses set forth above in paragraphs 1 through 15 as if fully set forth herein.

17. No response is required to the allegation set forth in paragraph 17 of the Complaint as it is a conclusion of law; however, to the extent that a response is deemed to be required, Defendant denies the allegation.

18. No response is required to the allegation set forth in paragraph 18 of the Complaint as it is a conclusion of law; however, to the extent that a response is deemed to be required, Defendant denies the allegation.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

WHEREFORE, Defendant hereby demands judgment dismissing Plaintiff's Complaint with prejudice and assessing Plaintiff with Defendant's costs, attorney's fees and disbursements incurred in the defense of this action and requests that this Court grant Defendant any and all additional relief, equitable or legal, that is just and proper under the circumstances.

**SECOND CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty)**

21. Defendant incorporates by reference its responses set forth above in paragraphs 1 through 20 as if fully set forth herein.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

WHEREFORE, Defendant hereby demands judgment dismissing Plaintiff's Complaint with prejudice and assessing Plaintiff with Defendant's costs, attorney's fees and disbursements incurred in the defense of this action and requests that this Court grant Defendant any and all additional relief, equitable or legal, that is just and proper under the circumstances.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is wholly insubstantial, frivolous and not advanced in good faith.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint should be dismissed for failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint should be barred in whole or in part by the equitable doctrines of waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred because if there was an agreement between Plaintiff and Defendant, Plaintiff breached the agreement, therefore, Plaintiff is not entitled to prevail in this action.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part by the equitable doctrines of unclean hands and laches.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part by the statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant has the right of offset if any amount of money is owed to Plaintiff by way of damages.

WHEREFORE, Defendant hereby demands judgment dismissing Plaintiff's Complaint with prejudice and assessing Plaintiff with Defendant's costs, attorney's fees and disbursements incurred in the defense of this action and requests that this Court grant Defendant any and all additional relief, equitable or legal, that is just and proper under the circumstances.

Blue Cross & Blue Shield
of Rhode Island
By its attorney,

_/s/ Maurene Souza

Maurene Souza, #6555
Law Offices of Maurene Souza
50 South Main Street
Providence, RI 02903
Telephone: (401) 277-9822
Fax: (401) 633-7763

## CERTIFICATION

I hereby certify that this Answer to the Complaint was electronically submitted to the ECF System of the United States District Court for Rhode Island for filing and its distribution to counsel of record on June 25, 2008. This document is available for viewing and downloading from the ECF System. Furthermore, I hereby certify that this Answer to the Complaint was sent by U.S.Mail to James J. McGair, 128 Dorrance St., Suite 350, Providence, RI 02903 on June 25, 2008.

_/s/ Maurene Souza